IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                            3:03CR140/RV;3:07cv338/RV/MD
**3:03CR147/RV;3:07cv340/RV/MD**

ROBERT M. MURPHY

## REPORT AND RECOMMENDATION

This matter is before the court upon identical motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 filed in the above-styled cases. (Case 3:03cr140/RV, doc. 435; case 3:03cr147, doc. 16). Defendant has also filed motions for leave to appeal *in forma pauperis* in each case. (Doc. 436, doc. 17). As there is no fee required for the filing of a motion pursuant to § 2255 the latter motion will be denied as moot. Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." After a review of the record, it is the opinion of the undersigned that the motions are untimely and that they should be summarily dismissed.

**I. BACKGROUND**

Defendant was charged in case 3:03cr140/RV with conspiracy to possess with intent to distribute cocaine, and in case 3:03cr147/RV with money laundering. Represented by retained counsel Michael Griffith, he entered a simultaneous plea of guilty in both cases

on December 12, 2003.[1]  With respect to the conspiracy charge, defendant stated that he understood the charge and had fully discussed it with counsel.  (Doc. 258, at 22-24).  The agreement signed by the defendant acknowledged that the conspiracy involved five kilograms or more of cocaine.  (*Id.* at 34).  With respect to the money laundering charge, defense counsel indicated that he had discussed the contents of the plea agreement with his client in detail, although defendant had not seen the actual information before that date.  (*Id.* at 25).  Defendant indicated his intent to plead guilty to this charge, and that he understood the charge.  (*Id.* at 28-29).  When asked whether he had fully discussed the charge with counsel, he asked for another minute to discuss something with him, then defendant told the court that he was guilty of cashing checks that were the proceeds of illegal activity at the Sandshaker.  (*Id.* at 29-30).  He reiterated to the court that he understood the charge and that counsel had made It clear to him, and counsel also explained what he had discussed with his client.  (*Id.* at 31, 46).  Counsel told the court that he had estimated that his client was facing 20 years to life imprisonment, although there was no guarantee what the sentence would be.  (*Id.* at 42).  Finding the defendant to have been fully informed, the court accepted the guilty plea.  (Doc. 258 at 55).

Defendant was sentenced on April 28, 2004.  At sentencing, the court noted that defendant had an offense level of 37 and a criminal history category of I, which resulted in a guideline range of 210 to 262 months.  (Doc. 367 at 5).  Counsel gave a lengthy statement to the court setting forth the defendant's unfortunate circumstances (doc. 367 at 8-11), and then the defendant himself read a statement he had written to the court.  (*Id*. at 11-14).  The Assistant United States Attorney addressed the court with respect to defendant's cooperation and the 5K1 motion that had been filed, and the court sentenced defendant to a term of 90 months imprisonment.  (*Id.* at 17).  In doing so, the court noted that "the guideline range as calculated did not take into account the otherwise applicable safety valve which would have reduced [defendant's] sentence significantly but for the leadership role that otherwise applies in this case." (*Id.* at 17).  No fine was imposed due

---

[1]Defendant pleaded guilty to an indictment in the controlled substance case and waived indictment and pleaded guilty to an information in the money laundering case.  (Doc. 258 at 25-29).

*Case No: 3:03cr147/RV; 3:07cv340/RV/MD*

to the defendant and his wife forfeiting property estimated at approximately one and a half million dollars. (*Id.* at 18). Judgment was entered on April 29, 2004, and defendant did not appeal. On May 10, 2007, defendant's sentence was further reduced to only 66 months after the government filed a Rule 35 motion. (Doc. 434).

In the present motion, defendant raises five grounds for relief. He contends that counsel was constitutionally ineffective because he failed to get inaccurate information removed from the defendant's PSR, that counsel was engaged in an on-going fiduciary relationship with one of the co-conspirators and hence operated under a conflict of interest, that counsel had "conflicted motivations" for representing the defendant, and that defendant "remain[s] unconvinced that [he] was indeed guilty of money laundering," and that his right of allocution was compromised because counsel delivered his statement.

## II. LEGAL ANALYSIS

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently

results in a complete miscarriage of justice."). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent. . . ."

Title 28 U.S.C. § 2255 imposes a one year time limitation on the filing of motions under this section. The one year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.  To have been timely filed, defendant's motion should have been filed within one year from the date on which the judgment of conviction became final. If a defendant does not file an appeal, his conviction becomes final when the ten day time period for filing an appeal expires.  See Fed.R.App. P. 4(b)(1)(A)(I); Fed. R. App. P. 26(a). In this case, defendant's conviction and sentence became final ten days after sentencing, on May 9, 2004.  Therefore, to be timely, his § 2255 motion had to be filed not later than May 9, 2005.  As noted above, defendant's motion was not filed until August of 2007. Therefore, it was facially untimely.[2]

Unless defendant establishes his entitlement to equitable tolling, his motion is time barred. *Jones v. United States*, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000)).   Equitable tolling is appropriate when a §

---

[2] The fact that the court's order on the Rule 35 motion was entered on May 10, 2007 does not affect the timeliness of this motion, as the motion relates back to defendant's original plea and conviction.

*Case No: 3:03cr147/RV; 3:07cv340/RV/MD*

2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)).  It only applies in "truly extraordinary circumstances."  *Johnson*, 340 F.3d at 1226 (citing *Jones v. United States*, 304 F.3d 1035, 1039-40; *Drew*, 297 F.3d at 1286).  The onus is on the defendant to show that he is entitled to this extraordinary relief.  *Johnson*, 340 F.3d at 1226, *Jones,* 304 F.3d at 1040.  The court will not relieve a petitioner who has sat upon his rights. *United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing *Coleman v. Johnson*, 184 F.3d 398, 402-03 (5th Cir. 1999)).

Defendant claims that he did not learn of the facts underlying one of his claims until August 14, 2006 when he asked prison authorities to review his file.  This statement does not support a conclusion that the claim in question could not have been discovered earlier through the exercise of due diligence, or that equitable tolling should apply.[3]  Therefore, defendant's motions should be dismissed as untimely.

Accordingly, it is ORDERED:

Defendant's motions to proceed *in forma pauperis* (doc. 17, 436) are DENIED as moot.

And based on the foregoing, it is respectfully RECOMMENDED:

The motions to vacate, set aside, or correct sentence (Case 3:03cr140, doc. 435, and case 3:03cr147, doc. 16)  be summarily DENIED as untimely.

At Pensacola, Florida, this 21st day of August, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] In addition, after having reviewed the rearraignment and sentencing transcripts, the court notes that several factual allegations made in the defendant's motion with respect to other claims are flatly contradicted by the record.

*Case No: 3:03cr147/RV; 3:07cv340/RV/MD*

*Page 6 of 6*

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:03cr147/RV; 3:07cv340/RV/MD*